Delaney, P.J.
{¶ 1} Appellant Ryan S. Morgan appeals from the March 24, 2017 Judgment Entry of the Ashland County Court of Common Pleas. Appellee is the state of Ohio.
*795 FACTS AND PROCEDURAL HISTORY
{¶ 2} This case arose on April 2, 2016 around 4:00 a.m. when the Ashland Police Department (A.P.D.) received a call about a man yelling, screaming, and running down the middle of the road in the area of Cottage and West Fourth Street. While en route, a second call came in from a Taco Bell restaurant in the same area. An employee reported that a man walked up to the drive-through window and told workers he had been attacked.
{¶ 3} Inferring the two incidents were related, Sgt. Bloodheart of the A.P.D. responded to the Taco Bell parking lot and encountered appellant, who said he had been asleep nearby at 606 ½ Cottage Street, his sister's house, when he was awoken by a "flurry of punches" and he fled the house. Appellant said he was living at his sister's residence. Bloodheart observed appellant to be highly paranoid and agitated. Appellant didn't know who attacked him and Bloodheart observed no physical injuries or other evidence corroborating the tale of the attack. Based upon his training and experience, Bloodheart believed appellant was under the influence of illegal drugs.
{¶ 4} Officers brought appellant back to his sister's house and knocked on the door. When no one answered, appellant purportedly told officers he lived there and they could go in. Once inside, officers made contact with appellant's sister and her boyfriend. The boyfriend testified at the suppression hearing that he gave police permission to search the house. In the bedroom used by appellant, police found syringes, a razor blade with white residue on it, cotton swabs, and small Ziploc baggies. Inside a cologne box, they found a glass pipe containing white residue. Appellant admitted the syringes were his and said he used them to inject heroin. He denied use of methamphetamine and said his agitated behavior was due to anxiety.
{¶ 5} Appellant was charged by indictment with one count of aggravated drug possession [methamphetamine] pursuant to R.C. 2925.11(A), a felony of the fifth degree [Count I]; one count of possession of drug abuse instruments pursuant to R.C. 2925.12(A), a misdemeanor of the second degree [Count II]; and one count of illegal use or possession of drug paraphernalia pursuant to R.C. 2925.14(C)(1), a misdemeanor of the fourth degree [Count III].
{¶ 6} Appellant was arrested on the indictment on July 26, 2016. He remained incarcerated throughout these proceedings.
{¶ 7} At a bond hearing on July 27, 2016, the trial court determined appellant was indigent and appointed trial counsel. Appellant was arraigned on July 29, 2016, and entered counseled pleas of not guilty.
{¶ 8} Defense trial counsel filed a demand for discovery on August 11, 2016, and appellee entered a "Discovery Certification" on August 18, 2016, followed by a "Supplemental Certification" on August 22, 2016.
{¶ 9} Defense trial counsel filed a motion to suppress on September 16, 2016. Also on that date, the parties filed a "Joint Pretrial Statement" noting a trial date of October 18, 2016.
{¶ 10} On October 11, 2016, the trial court entered a judgment entry scheduling a hearing on appellant's motion to suppress on December 2, 2016, and vacating the trial date of October 18, noting "* * * speedy trial time in this case is tolled from the date of the filing of the Motion to Suppress pending a decision on the Defendant's Motion to Suppress."
{¶ 11} On October 25, 2016, defense trial counsel filed a motion for bond reduction. Also on that date, defense trial counsel *796 filed a demand for specific discovery, citing the "Ashland Police Division 911 CAD report/dispatch report and recording of radio traffic beginning April 2, 2016 upon the time of the call to law enforcement (approximately 04:04 hours) until the Defendant's arrest (approximately 05:55 hours)," and a request for bill of particulars.
{¶ 12} On October 26, 2016, appellant filed a number of pro se motions, including an "Addendum to Discovery and Motion for Bill of Particulars"; a "Motion to Modify Bail (Hearing Requested) (Addendum)"; a "Request for Notice of Intent to Use Evidence"; an "Addendum for Motion to Suppress Evidence and Return Seized Property"; and a "Motion to Preserve Video/Audio Evidence."
{¶ 13} Also on October 26, 2016, appellee filed an objection to appellant's motion to reduce bond.
{¶ 14} On October 31, 2016, appellee filed a response in opposition to appellant's motion to suppress.
{¶ 15} On November 4, 2016, appellee filed a "Supplemental Discovery # 2 Certification" and a bill of particulars. The discovery certification cites "Exhibits E-F."[1]
{¶ 16} On November 7, 2016, appellant filed a number of pro se motions, including a "Motion to Appoint Co-Council (sic)," a "Motion to Compel (Procure Legal Material)," a "Motion to Dismiss," and a "Motion to Compel (Exculpatory Evidence/Issuance of Subpoena)."
{¶ 17} On November 28, 2016, appellant filed two pro se motions, an "Elucidative Record to Support Excessive Tolling" and a "Motion for Injunction."
{¶ 18} On December 1, 2016, appellee filed a "Supplemental Discovery # 3 Certification."
{¶ 19} On December 16, 2016, appellee filed a supplemental response in opposition to appellant's motion to suppress.
{¶ 20} Also on December 16, 2016, defense trial counsel filed a post-hearing brief in support of appellant's motion to suppress.
{¶ 21} On December 22, 2016, the trial court entered a judgment entry overruling appellant's pro se motions, noting "* * * *. The Court cannot take action on pro se correspondences where the Defendant is represented by counsel. The Court further notes that this Defendant has been appointed counsel in this matter. If Defendant seeks action, a proper motion shall be filed on the Defendant's behalf by his appointed defense counsel."
{¶ 22} On February 13, 2017, appellant sent the trial court an inmate kyte (sic ) moving the court to dismiss the matter because the motion to suppress had not been ruled upon within 120 days.
{¶ 23} On March 3, 2017, defense trial counsel filed a motion to dismiss on the basis of denial of a speedy trial.
{¶ 24} On March 6, 2017, the trial court issued a judgment entry overruling appellant's motion to suppress.
{¶ 25} On March 7, 2017, the trial court issued a judgment entry overruling appellant's motion to dismiss and setting the matter for jury trial on March 22, 2017.
{¶ 26} On March 15, 2017, appellee filed a "Supplemental Discovery # 4 Certification," a motion in limine, and a notice to defendant pursuant to Rule 404(B).
*797 {¶ 27} On March 16, 2017, appellee filed a "Supplemental Discovery # 5 Certification."
{¶ 28} On March 17, 2017, appellee filed a response to appellant's motion in limine, a "Supplemental Discovery # 6 Certification" and a "Supplemental Discovery # 7 Certification."
{¶ 29} On March 20, 2017, defense trial counsel filed a request for findings of fact and conclusions of law as to appellant's motion to suppress and motion to dismiss. Also on that date, defense trial counsel filed a demand for specific discovery, citing "[t]he recording made in the Ashland County Jail on April 2, 2016 between [appellant] and Sergeant Bloodheart," and a motion in limine regarding evidence of appellant's prison numbers and heroin use.
{¶ 30} On March 21, 2017, appellee filed a "Supplemental Discovery # 8 Certification."
{¶ 31} On March 22, 2017, via judgment entry, the trial court overruled appellant's request for written findings of fact and conclusions of law.
{¶ 32} The matter proceeded to trial by jury on March 22, 2017, and appellant was found not guilty upon Count I and guilty upon Counts II and III. The trial court immediately sentenced appellant to a jail term of 90 days upon Count II and 30 days upon Count III with credit for time served. Appellant was ordered to pay fines of $100 each upon Counts II and III plus court costs.
{¶ 33} Appellant now appeals from the trial court's March 24, 2017 judgment entry of conviction and sentence.
{¶ 34} Appellant raises two assignments of error:
ASSIGNMENTS OF ERROR
{¶ 35} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS SINCE APPELLANT WAS NOT BROUGHT TO TRIAL WITHIN THE STATUTORILY REQUIRED TIME ENUMERATED IN R.C. 2945.71(C)(2)."
{¶ 36} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS, WHEN IT INCORRECTLY DETERMINED THAT OFFICERS OBTAINED VALID CONSENT FROM APPELLANT TO ENTER DANIELLE MORGAN AND ROBERT WORKMAN'S RESIDENCE."
ANALYSIS
I.
{¶ 37} In his first assignment of error, appellant argues the trial court should have granted his motion to dismiss for violation of speedy trial time limitations. We agree.
{¶ 38} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v. Ladd , 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." State v. Pachay , 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.
{¶ 39} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact.
*798 State v. Larkin , 5th Dist. No.2004-CA-103, 2005-Ohio-3122, 2005 WL 1463255, ¶ 11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. State v. Taylor , 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, citing Larkin , supra. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.
{¶ 40} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. Brecksville v. Cook , 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996) ; State v. Colon , 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12.
{¶ 41} The most serious offense appellant was charged with was a felony of the fifth degree. A person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. R.C. 2945.71(D)(2). Appellant did not waive time. If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as 3 days. R.C. 2945.71(E). Appellant remained incarcerated throughout the proceedings. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72"shall be discharged" and further criminal proceedings based on the same conduct are barred.
{¶ 42} A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. State v. Ashbrook , 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, citing State v. Butcher , 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). Appellant was jailed on July 26, 2016 and his trial began on March 22, 2017; as discussed infra, the lapsed time is 238 days. When an appellant has established he was tried outside speedy-trial time limits, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72. Id. at ¶ 31. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. Id. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." State v. Riley , 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).
{¶ 43} Certain events toll the accumulation of speedy-trial time. Relevant to the instant case, R.C. 2945.72(E) states, "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by * * * [a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" Appellant remained in jail in lieu of bond from the date of his arrest on July 26, 2016. The right to a speedy trial time starts to run the day after arrest. State v. Neal , 5th Dist. Delaware No. 2005CAA02006, 2005-Ohio-6699, 2005 WL 3475738, ¶ 44 ; R.C. 2945.71.
{¶ 44} Pursuant to R.C. 2945.71(C)(2), appellee had 270 days to try appellant, subject to the triple-count provision of 2945.71(E) and barring any tolling events [90 days]. Appellant's trial began on March 22, 2017 [238 days later]. Appellee asserts that a number of tolling events intervened, and appellant agrees that some defense motions tolled speedy-trial time. Upon our consideration of the record, we concur with the parties' acknowledgment that resolution *799 of this issue turns on whether speedy-trial time is tolled against appellant for any of the 168 days it took the trial court to rule on the motion to suppress. (Other arguably tolling events occurred during the procedural history of the case, but those are overlapped by the time period that the motion to suppress remained pending.)
{¶ 45} Appellant filed his motion to suppress on September 16, 2016; on October 11, 2016, the trial court scheduled the matter for an evidentiary hearing to be held on December 2, 2016; and on October 31, 2016, appellee responded with a motion in opposition. The hearing took place on December 2 with appellant raising a single issue of whether his consent to the search of the bedroom he used at his sister's house was valid. The trial court overruled the motion to suppress on March 6, 2017 via a brief conclusory judgment entry.
{¶ 46} Appellant's motion to suppress tolled the speedy trial clock, but not indefinitely. Motions filed by an accused in a criminal prosecution toll the speedy trial period only to the extent that the delay is reasonable and necessary for the court to rule on the same. State v. Arrizola , 79 Ohio App.3d 72, 76, 606 N.E.2d 1020 (3rd Dist.1992). Each case of a claimed speedy-trial violation turns on its unique facts. "In cases such as these, it is difficult, if not unwise, to establish a per se rule of what constitutes 'reasonableness' beyond the ninety-day stricture of R.C. 2945.71. Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case." State v. Saffell , 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). Underlying our analysis, however, is the principle that "[a] strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." State v. Martin , 56 Ohio St.2d 289, 297, 384 N.E.2d 239 (1978).
{¶ 47} In Arrizola , the trial court took over seven months to rule on a suppression motion in an OMVI case and the Court of Appeals found the delay to be unreasonable, therefore the speedy-trial period lapsed:
In determining the reasonableness of the time in which a trial court must rule on a motion, careful examination of the particular circumstances of the case must be made. The complexity of the facts and the difficulty of the legal issues to be resolved must be considered. A reviewing court must also be cognizant of the time constraints placed on a trial judge's schedule.
Normally we would not regard the time spent by a trial court in determining the issues raised in a defendant's motion to count against the ninety-day limit within which the defendant must be brought to trial. However, in the present case, over seven months elapsed between the time appellant filed his motion to suppress and the date the trial court rendered its decision. Nothing appears on the record which would justify this amount of time. We recognize that not all motions made to a trial court lend themselves to prompt disposition. However, in consideration of the facts of this case and the nature of appellant's motion to suppress, we find this amount of time to be excessive.
M.C.Sup.R. 6 directs a trial court to determine a motion within one hundred twenty days from the date the motion was filed. Appellant filed his motion to suppress on September 13, 1990. The court did not render its decision until April 29, 1991, two hundred twenty-eight days after the motion was filed. While the time allowed under this rule is only a guide, it still serves as an indication of *800 what amount of time would be appropriate in the usual case.
State v. Arrizola , 79 Ohio App.3d 72, 76, 606 N.E.2d 1020 (3rd Dist.1992).
{¶ 48} Appellant directs us to State v. Fields , 5th Dist. Guernsey No. 05-CA-17, 2006-Ohio-223, 2006 WL 163563, in which 311 days passed between the filing of defendant's motion to suppress and the filing of defendant's motion to dismiss. We found 120 days to be a reasonable amount of time within which to rule on a motion to suppress, thus the defendant's case should have been dismissed. Id. at ¶ 28, citing State v. Edwards , 5th Dist. Tuscarawas No. 2002 AP 08 0065, 2003-Ohio-334, 2003 WL 169952 [trial court's delay in ruling on motion to suppress of 265 days, or 6 months after magistrate's ruling, was unreasonable]. After the speedy-trial clock was tolled 120 days, the time within which the defendant should have been tried expired. Fields , ¶ 28.
{¶ 49} Our ruling in Fields was pursuant to Sup.R. 40 (which superseded former M.C. Sup. R. 6 cited in Arrizola ), stating "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." Id. In the instant case, we find the delay of 168 days to be excessive, and even tolling 120 days against appellant, find the speedy-trial time expired prior to appellant's trial.
{¶ 50} We are aware that other courts have approved periods in excess of 168 days, but as stated supra, these cases turn on their individual facts. Other appellate courts have found a varying range of days to be acceptable in ruling upon a motion to suppress. See, e.g., State v. Sherrod , 11th Dist. Lake No. 2009-L-086, 2010-Ohio-1273, 2010 WL 1176643, ¶ 48 [255 days] ; State v. Price , 9th Dist. Medina No. 07CA0003-M, 2008-Ohio-2252, 2008 WL 2003788, ¶ 48 [216 days] ; State v. Driver , 7th Dist. Mahoning No. 03 MA 210, 2006-Ohio-494, 2006 WL 278124, [204 days] ; State v. Ritter , 11th Dist. Ashtabula No. 98-A-0065, unreported, 1999 WL 1313648 (Dec. 17, 1999) [180 days]. When considering the reasonableness of time taken by a trial court to rule on a defense motion, we must take into account the particular circumstances of the case, including the factual and legal complexities involved and the time constraints of the particular trial judge's schedule. State v. Mullins , 152 Ohio App.3d 83, 2003-Ohio-477, 786 N.E.2d 911, ¶ 11 (3rd Dist.). The instant case is neither legally nor factually complex. See, State v. Davis , 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, 2013 WL 6388407, ¶ 37.
{¶ 51} Appellee responds that appellant filed a barrage of motions pro se, but we note the trial court overruled those motions with a single entry on December 22, 2016, finding appellant was represented by counsel and all motions should be filed through counsel. There is no indication from the record, therefore, that the pro se motions slowed the progression of the case. We note appellee did not respond to the pro se motions. Because the trial court disregarded the pro se motions, we do not count them as tolling events. A criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel, but those two rights are independent of each other and may not be asserted simultaneously. State v. Martin , 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 32, citing Parren v. State , 309 Md. 260, 269, 523 A.2d 597 (1987). Appellant was advised on December 22, 2016 that his pro se motions would not be considered and that he should raise any issues therein through counsel.
{¶ 52} In determining whether appellant was brought to trial within a constitutionally-reasonable *801 time, the Ohio Supreme Court has applied a balancing test first set out by the United States Supreme Court. State v. Battle , 5th Dist. Morgan No. 09 AP 0001, 2010-Ohio-4327, 2010 WL 3554870, ¶ 78, appeal not allowed, 127 Ohio St.3d 1533, 2011-Ohio-376, 940 N.E.2d 987, and cert. denied, 565 U.S. 861, 132 S.Ct. 200, 181 L.Ed.2d 106 (2011), citing State v. O'Brien , 34 Ohio St.3d 7, 10, 516 N.E.2d 218 (1987) and Barker v. Wingo , 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The court should consider at least four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice to the defendant. Id. , quoting Barker , 407 U.S. at 530, 92 S.Ct. 2182. The court must weigh these factors together with any other relevant circumstances. State v. Gaines , 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, 2004 WL 1461524, ¶ 16.
{¶ 53} We note appellant asserted his speedy trial rights pursuant to a motion to dismiss filed March 3, 2017. The trial court thereupon overruled the motion to suppress on March 6, 2017. On March 7, 2017, the trial court overruled the motion to dismiss and scheduled the matter for jury trial on March 22, 2017. At that point, appellant had been incarcerated for 223 days. Even if we toll 120 days of speedy-trial time during which the trial court considered the motion to suppress, appellant was still incarcerated awaiting trial in excess of 90 days.
{¶ 54} We conclude that five months' elapsed time between the filing of the motion to suppress and the date the trial court rendered its decision is excessive and the record does not justify this amount of time. The trial court should have granted appellant's motion to dismiss and his first assignment of error is sustained.
{¶ 55} Appellant's convictions and sentences upon one count of possession of drug abuse instruments and one count of illegal use or possession of drug paraphernalia [Counts II and III] are reversed and vacated. The final judgment of the Ashland County Court of Common Pleas is reversed and acquittals are entered for appellant.
II.
{¶ 56} In light of our ruling upon appellant's first assignment of error, his second assignment of error challenging the trial court's decision to overrule his motion to suppress is moot. Assignment of error number two is overruled.
CONCLUSION
{¶ 57} The judgment of the Ashland County Court of Common Pleas is reversed, appellant's convictions upon Counts II and III are vacated, and final judgments of acquittal are hereby entered.
Gwin, J. and Hoffman, J., concur.

It is not evident from the record whether this discovery response answered appellant's motion for specific discovery requesting the 911 "CAD report/dispatch report" and/or record of radio traffic. Nor do "Exhibits E-F" correspond with exhibits entered by appellee at trial, which were designated by number.