[Cite as *State v. Kennard*, 2022-Ohio-3457.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29335 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-2721 |
| | : | |
| TRAVIS KENNARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

TRAVIS KENNARD, #A796-445, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130
        Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Travis Kennard appeals from his conviction in the Montgomery County Court of Common Pleas for domestic violence. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he was unable to find any non-frivolous issues for appeal. Upon our independent review, we agree with counsel's assessment.

## I.    Facts and Procedural History

{¶ 2} In the early morning hours of August 13, 2021, Kennard beat up his girlfriend, punching her in the face multiple times until she fell to the ground unconscious. He then stood over her unconscious body and mocked her. Officers were called to the scene; Kennard was arrested and later charged with domestic violence (knowingly, with 2 priors), a felony of the third degree. After filing three motions, including a bond review request and two motions for continuances, on November 30, 2021, Kennard pled guilty to the indictment. Two weeks later, the trial court imposed a 30-month prison sentence. Immediately following the sentencing, however, Kennard made an oral motion to withdraw his plea, which was denied by the court.

{¶ 3} Appellate counsel was appointed. After reviewing the record, he filed an *Anders* brief asserting that he could find no arguably meritorious issues to argue on appeal. We informed Kennard that he had 60 days to file a pro se brief. He filed such a brief, and we will incorporate that into our independent review of the matter.

## II.    *Anders* Review

{¶ 4} Upon the filing of an *Anders* brief, an appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous."

*Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). "An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply." *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 14, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent the defendant. *White* at ¶ 14, citing *Marbury* at ¶ 7; *State v. Almeyda*, 2d Dist. Montgomery No. 28727, 2021-Ohio-862, ¶ 3. We have reviewed the record in its entirety and will specifically address the following important aspects of the case noted by appellate counsel and Kennard.

<u>Plea and Sentencing Hearings</u>

{¶ 5} "Due process requires that a defendant's plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed. *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 8.

{¶ 6} Crim.R. 11(C)(2) mandates that a trial court may not accept a guilty plea without first addressing the defendant and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7} Strict compliance with the constitutional advisements is crucial to demonstrate that the plea is aligned with due process. *Brown* at ¶ 9. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 10.

{¶ 8} Conversely, the court must substantially comply with notification of the non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and prejudice must be demonstrated to vacate a plea. *State v. McElroy*, 2d Dist. Montgomery No. 28974, 2021-Ohio-4026, ¶ 17. " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and

the rights he is waiving.' " *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶ 9}** Here, after the State confirmed that Kennard would be pleading to the indictment, the trial court inquired about his age, education level, and citizenship status. It confirmed that he had read and understood the plea forms after consulting with his attorney and that they had discussed all the elements of the charge and possible defenses. Kennard also confirmed that he was not under the influence of drugs or alcohol and that he had no physical or mental condition that made it difficult to hear or understand his rights.

**{¶ 10}** The trial court then inquired about whether Kennard was on post-release control or probation, and when Kennard confirmed that he was, the court explained the potential consequences that could result from pleading guilty to the current domestic violence charge. Kennard stated that he understood.

**{¶ 11}** Next, the trial court told Kennard that the third-degree felony he was pleading guilty to carried with it a prison term range of 9-36 months, a maximum fine of $10,000, and that he would be facing, upon release, three years of post-release control. Kennard was then informed about the consequences of violating the conditions of post-release control. The court also noted that it could impose restitution and court costs. The trial court explained that while prison was a possibility, Kennard was eligible for community control sanctions, but if he violated them, he could be imprisoned for up to 36 months. Kennard confirmed his understanding of these matters.

**{¶ 12}** Kennard was then asked if he was voluntarily pleading guilty and he

confirmed that he was. He admitted that no one had threatened or forced him to enter a guilty plea and that no one had made any other promises to entice him to do so. Kennard confirmed he understood that his guilty plea was a complete admission of guilt and the facts set forth in the indictment were true.

{¶ 13} The constitutional rights were also explained during the hearing. The court expressed that Kennard would be giving up his rights to a jury trial, proof of guilt beyond a reasonable doubt, a unanimous jury verdict, confrontation of witnesses, cross-examination of adverse witnesses, compulsory process, and the right to not incriminate himself. Kennard asserted that he understood.

{¶ 14} Next, the trial court inquired about Kennard's attorney. Initially, Kennard stated that he was not happy with his counsel as the attorney had a difference of opinion as to potential motions. The court engaged him on the issue, and after offering to pause the proceedings so Kennard could talk more to his attorney about potential motions, Kennard said, "[W]ith all due respect, sir, I believe we can proceed." Plea Tr. at 15. The trial court followed up by asking, "even though those motions weren't filed by your lawyers or pursued, you are ready to proceed with your plea this morning[?]" Kennard indicated that he was.

{¶ 15} Kennard's sentencing hearing was held December 15, 2021. The court began the proceeding by noting that it had reviewed the presentence investigation report, the sentencing memorandum from Kennard's counsel, and a letter from Kennard himself. After the State advocated for the maximum sentence and defense counsel lobbied for community control, Kennard spoke on his own behalf, stating that he was remorseful and

asked for an opportunity to "prove to the Court, to the State, to the victim and to myself that I can do a lot better than what I – the choice I made on August 13." Sentencing Tr. at 20.

{¶ 16} After the statements, the court noted that it had considered the principles and purposes of sentencing and the seriousness and recidivism factors in the Ohio Revised Code in crafting Kennard's sentence. It then ordered a 30-month prison sentence and mandatory post-release control for up to three years; it also stated that if Kennard violated the terms of his post-release control, he could face an additional term of imprisonment. The court observed that Kennard was credited with 125 days of jail time credit and, finally, it accurately informed him of his appellate rights.

{¶ 17} After carefully reviewing the plea and sentencing hearings, we conclude that the trial court's colloquy substantially complied with Crim.R. 11(C)'s non-constitutional advisements. The record also indicates that the court strictly complied with the constitutional advisements. There does, however, seem to be a discrepancy between the post-release control period that Kennard was advised about during his plea colloquy – *three years* – and what was imposed upon him at the disposition – *up to three years*. This difference, though, did not prejudice Kennard as he chose to plead guilty even though the post-release control sanctions he was informed of at the plea hearing were more stringent than those to which he was actually sentenced. *See State v. Carnicom*, 2d Dist. Miami No. 2003-CA-4, 2003-Ohio-4711, ¶ 16 ("[A]ny overstatement by the trial court regarding the potential length of a post-release control sanction cannot have prejudiced" the defendant); *State v. Russell*, 2d Dist. Montgomery No. 27473, 2018-Ohio-

2571. This is not an arguably meritorious claim. Accordingly, we find no arguable error in the plea hearing and conclude that Kennard's plea was made in a knowing, intelligent, and voluntary manner. Similarly, we can find no non-frivolous issues involving Kennard's sentencing.

Sentence Issue

{¶ 18} A final potential assignment of error noted by appellate counsel was whether Kennard's sentence was contrary to law. It was not.

{¶ 19} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 20} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 21} We may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-

Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 22} In this case, Kennard's 30-month sentence was well within the statutory range authorized for third-degree felonies (9, 12, 18, 24, 30, or 36 months) and the trial court stated that it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12. And, as we concluded earlier, the discrepancy in the post-release control time (3 years versus up to 3 years) worked in his favor. The contention that Kennard's sentence was contrary to law is not an arguably meritorious claim, and there are no other sentencing issues with arguable merit.

<u>Kennard's Arguments</u>

{¶ 23} As stated earlier, Kennard filed a pro se brief flagging several issues. First, he argued that his plea was involuntarily made. We have previously stated that this was not the case. But he also raises two related potential issues regarding his right to a speedy trial: first, that he was not brought to trial (or in this case, plea) within his statutory speedy trial limit, and second, that his trial counsel was ineffective for not raising the issue below.

{¶ 24} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. R.C. 2945.71, Ohio's speedy trial statute, "was implemented to incorporate the constitutional protection of the right to speedy trial." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706

(1996). The speedy trial statutes must be strictly construed against the government. *Id.*

{¶ 25} R.C. 2945.71 designates specific time requirements for the government to bring an accused to trial. Under the statute, a felony defendant must be brought to trial within 270 days of arrest. R.C. 2945.71(C). Each day the accused is held in jail in lieu of bail is counted as three days. R.C. 2945.71(E).

{¶ 26} A defendant must be brought to trial within the time set by statute unless time is tolled by one of the exceptions that are found in R.C. 2945.72. *State v. Dankworth*, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 40 (2d Dist.). Pursuant to R.C. 2945.72, the speedy trial time can be tolled during any period of delay made necessary by reason of a motion, proceeding, or action made or instituted by the accused. *Id.* Similarly, "continuances granted on the State's motion will toll the running of the speedy trial time if the continuance is reasonable and necessary." *State v. Bailey*, 4th Dist. Ross No. 14CA3461, 2015-Ohio-5483, ¶ 24. Typically, when defense counsel files a motion, the speedy trial time tolls until the court resolves the motion. *State v. Younker*, 4th Dist. Highland No. 07CA18, 2008-Ohio-6889, ¶ 21.

{¶ 27} Here, Kennard was arrested on August 13, 2021, and remained in jail until after he pled guilty on November 30, 2021, so his total time for speedy trial purposes, according to our calculation, was 108 days. *See State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962, ¶ 27 ("When computing speedy trial time, the day of arrest is not counted."). While Kennard is correct that his time spent in jail was greater than the 90 days allowed by statute, he fails to recognize the tolling events – defense motions – that stopped the clock.

{¶ 28} The first tolling event was a bond review motion filed by Kennard on September 3, 2021, which was resolved by the trial court on September 23. This motion resulted in 20 days of tolled time. This tolling event, by itself, was enough to bring the speedy trial time under the 90-day limit (108 days in jail awaiting trial minus 20 days to decide the motion = 88 days). But there was another tolling event that forecloses Kennard's speedy trial argument. On September 15, 2021, defense counsel filed a motion (that was granted by the trial court) for a continuance until December 13. This granted motion tolled the speedy trial time from its filing until the plea date of November 30. This motion resulted in 76 days of tolled time, making any argument of a speedy trial violation frivolous.

{¶ 29} Our conclusion that there was no violation of Kennard's speedy trial right necessarily forecloses any argument that his trial counsel was ineffective for not raising it below. That, too, is not an arguably meritorious claim.

### III. Conclusion

{¶ 30} We have reviewed the entire record and have found no potentially meritorious appellate issues. Having found no non-frivolous issues, appellate counsel is permitted to withdraw, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.

Andrew T. French
Travis Kane
Travis Kennard
Hon. Steven K. Dankof