[Cite as *State v. Kendall*, 2025-Ohio-10.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellant | : | C.A. No. 2024-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 2022 CRB 001967 |
| | : | 4-8 |
| GLEN R. KENDALL | : | |
| | : | (Criminal Appeal from Municipal Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 3, 2025

. . . . . . . . . . .

ANDREW H. JOHNSTON, Attorney for Appellant

CARL J. BRYAN, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} The State of Ohio appeals from a judgment of the Miami County Municipal Court, which dismissed five cruelty to animal charges against Glen R. Kendall on speedy trial grounds.   For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 1} On July 20, 2022, Kendall was charged by complaint with eight counts of cruelty to animals, in violation of R.C. 959.13, second-degree misdemeanors. The charges related to the manner in which horses were confined on Kendall's property; multiple horses and ponies were seized by the State. Five days later, defense counsel filed a notice of appearance, entered a plea of not guilty on Kendall's behalf, and requested a jury trial. At some point, the State dismissed three of the charges.

{¶ 2} Defense counsel withdrew, at Kendall's request, on September 14, 2022. Kendall obtained new counsel in January 2023. The trial court had originally scheduled a jury trial for January 23, 2023, but the trial was continued six times due to pending motions and several requests for continuances. Ultimately, the jury trial was set for June 3, 2024, nearly two years after the criminal complaint was filed.

{¶ 3} On May 24, 2024, ten days before the last scheduled trial date, Kendall filed a motion to dismiss for violation of his statutory speedy trial rights. In its response, the State asserted that any time outside of the permissible time to bring Kendall to trial was either attributable to Kendall under R.C. 2945.72 (C), (D), or (E), or a reasonable continuance under R.C. 2945.72(H). The State asserted that there was "no scenario where review of the Court's docket and the facts at bar" would lead the trial court to find a speedy trial violation. The State did not detail which periods of time it believed were chargeable to the State and which were tolled by the speedy trial statute. Rather, it asked the trial court to deny the motion upon its review of the docket or, alternatively, to set the matter for a hearing. The trial court scheduled a hearing for June 4, 2024.

{¶ 4} At the hearing, the parties agreed that three time periods were pertinent to the speedy trial motion: (1) October 31, 2022 to January 6, 2023 ("Time Period 1"); (2) October 3, 2023 to December 12, 2023 ("Time Period 2"); and (3) April 15, 2024 to May 21, 2024 ("Time Period 3"). For Time Period 1, the original prosecutor on the case testified as to his recollection of the October 31, 2022 final pretrial conference, which apparently was not recorded. The former assistant prosecutor indicated that a continuance had been granted to give Kendall additional time to obtain counsel. As for the other two time periods, the State asserted that Time Period 2 was tolled because Kendall's first motion to view property was pending. The prosecutor further argued that the continuance for Time Period 3 was reasonable because he could not get a continuance for a civil matter that was scheduled at the same time.

{¶ 5} In its written judgment, the trial court found that each time period was chargeable to the State: 67 days for Time Period 1, 70 days for Time Period 2, and 36 days for Time Period 3. Because 173 speedy trial days had elapsed, the trial court dismissed the charges against Kendall.

{¶ 6} The State appeals from the trial court's judgment.

## II. Statutory Right to a Speedy Trial

{¶ 7} In its appellate brief, the State claims that the trial court abused its discretion by finding that the three disputed time periods were chargeable to the State. It argues that only 46 days in Time Period 1 should have been charged to the State and that none of the delays in Time Periods 2 and 3 should have counted for speedy trial purposes. The State thus contends that Kendall's speedy trial time had not expired.

**A. Relevant Legal Authority**

{¶ 8} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996).

{¶ 9} R.C. 2945.71 designates specific time requirements for the government to bring an accused to trial. Under that statute, a person charged with a second-degree misdemeanor must be brought to trial within 90 days of arrest or service of summons. R.C. 2945.71(B)(2).

{¶ 10} A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Lovett*, 2022-Ohio-1693, ¶ 20 (2d Dist.). "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged." *State v. Gray*, 2007-Ohio-4549, ¶ 15 (2d Dist.), citing R.C. 2945.73. The speedy trial statutes must be strictly construed against the State. *Brecksville* at 55.

{¶ 11} The time within which a defendant must be brought to trial may be extended only for reasons specifically enumerated in R.C. 2945.72. *Lovett* at ¶ 21. Those reasons include any period of delay necessitated by a motion instituted by the accused, the period of any continuance granted on the accused's own motion, and "the period of any reasonable continuance granted other than upon the accused's own motion." R.C.

2945.72 (E), (H).   Time can also be tolled during "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law."   R.C. 2945.72(C).

{¶ 12} In the past, this court has reviewed motions to dismiss based on speedy trial violations for an abuse of discretion, the standard suggested by the parties. However, the Ohio Supreme Court has made clear that "[r]eview of a speedy-trial claim involves a mixed question of law and fact.   Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo."   (Citation omitted.)   *State v. Long*, 2020-Ohio-5363, ¶ 15; *accord State v. Knott*, 2024-Ohio-2289, ¶ 15 (2d Dist.).   "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination."   *State v. Clay*, 2016-Ohio-424, ¶ 5 (2d Dist.).

### B. Statutory Speedy Trial Time in Kendall's Case

{¶ 13} On appeal, the State claims that the trial court erred in concluding that all the delays were chargeable to the State.   It asserts that the delay in Time Period 1 was necessitated by Kendall's lack of counsel, that the delay in Time Period 2 was necessitated by Kendall's pending motion to view property, and that the delay in Time Period 3 was a reasonable continuance due to the prosecutor's scheduling conflict.

{¶ 14} At the outset, we note that the State now concedes that 46 days of Time Period 1 (November 22, 2022 to January 6, 2023) were not tolled.   Appellant's Brief, p. 9.   Given that concession, we find that our review of Time Period 2 is dispositive, and we

need not address Time Periods 1 or 3.

{¶ 15} Time Period 2 concerned the 70 days between October 3, 2023, when the trial court overruled Kendall's motions to suppress, and December 12, 2023, when Kendall requested a continuance. It is undisputed that Kendall had previously filed a motion to view property (inspect the horses) on August 23, 2023, that the trial court did not rule on the motion, and that the motion remained pending throughout Time Period 2. Kendall filed a second motion to view property on January 16, 2024, and it was overruled a week later.

{¶ 16} The State contends, as it did before the trial court, that the 70-day period of delay was necessitated by Kendall's motion to view property. *See* R.C. 295.72(E). The trial court rejected the State's argument. It explained at the hearing on Kendall's speedy trial motion that it did not find the motion "as being the type of motion, like a motion to suppress, motion to dismiss, those sorts or [sic] things . . . or even a request for discovery. Clearly, at trial date, it would not, if it hadn't been decided it would not have stopped the trial from going forward." Hrg. Tr. at 5.

{¶ 17} Typically, when defense counsel files a motion, the speedy trial time tolls until the trial court resolves the motion. *State v. Kennard*, 2022-Ohio-3457, ¶ 26. To qualify as a tolling event under R.C. 2945.72(E), "all that the statute requires is that the delay be necessitated by the defendant's action." *State v. Belville*, 2022-Ohio-3879, ¶ 31; *State v. Votaw*, 2024-Ohio-5349, ¶ 19 (2d Dist.). "R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a 'period of delay necessitated' – at the very least, for a reasonable time until the motion is responded to

and ruled upon." *State v. Sanchez*, 2006-Ohio-4478, ¶ 26. The Ohio Supreme Court noted that, "[a]lthough outside time limits for response may be set by local rule, in many cases, the state will not need the entire time." *Id.* at ¶ 27.

{¶ 18} A trial court does not have "unbridled discretion concerning the amount of time it takes to rule on a defense motion." *State v. Martin*, 56 Ohio St.2d 289, 297 (1978); *State v. Wood*, 2024-Ohio-5597, ¶ 41 (2d Dist.). "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." *Id.* The amount of time taken to render a decision on a defendant's motion must be reasonable considering the facts and circumstances of the case. *Accord State v. Boyd*, 2023-Ohio-2079, ¶ 21 (2d Dist.) (addressing timeliness of trial court's decision on a motion to suppress). "The complexity of the facts and the difficulty of the legal issues, in addition to the constraints of a trial judge's docket, must be considered." *Id.*

{¶ 19} Here, Kendall filed his first motion to view property on August 23, 2023. Under the trial court's local rules, the State had 14 days to respond to the motion. Miami Cty. M.C. Loc.R. 22.2(A)(2)(b). The State did not file a response, and thus the matter was ripe for a decision after September 6, 2023. The trial court acknowledged that it did not rule on the motion. When a second motion to view property was filed on January 16, 2024, the trial court overruled it seven days later.

{¶ 20} On this record, the trial court failed to resolve Kendall's August 23, 2023 motion to view property within a reasonable time. While there was a reasonable period of delay attendant to Kendall's filing of the motion, which tolled the speedy trial time, we

can discern no reason why the trial court did not rule on Kendall's motion by October 3, 2023, when the Time Period 2 began. The motion was unopposed, the issue was straight-forward and uncomplicated, and no hearing was requested or required. We therefore conclude that the delay between October 3, 2023 and December 12, 2023 was not necessitated by reason of Kendall's motion, and that time within which Kendall was to be brought to trial was not extended during Time Period 2 under R.C. 2945.72(E). The trial court properly concluded that the 70-day delay during Time Period 2 was chargeable to the State.

{¶ 21} Because Kendell's speedy trial time was not tolled during the 70 days of Time Period 2 and the State agrees that 46 days of Time Period 1 were also chargeable to the State, 116 speedy trial days (at least) had elapsed prior to the scheduled June 2024 jury trial. The trial court did not err in concluding that Kendall's speedy trial rights were violated and in dismissing the charges.

{¶ 22} The State's assignments of error are overruled.

### III. Conclusion

{¶ 23} The trial court's judgment will be affirmed.

. . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.