[Cite as *State v. Adams*, 2025-Ohio-483.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellant | : | C.A. No. 30234 |
| | : | |
| v. | : | Trial Court Case No. 2022-TR-1369 |
| | : | |
| MARK ADAMS | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 14, 2025

. . . . . . . . . . .

ASHLEY THOMAS, Attorney for Appellant

ARVIN S. MILLER, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} The State of Ohio appeals from the trial court's dismissal of misdemeanor charges against defendant-appellee Mark Adams for operating a vehicle while intoxicated. The trial court dismissed the charges based on a speedy-trial violation.

{¶ 2} The State challenges the trial court's determination that a 513-day delay

between a hearing on Adams' pretrial suppression motion and a decision on the motion was unreasonable and resulted in a speedy-trial violation. The State also contends the trial court erred in allowing Adams to file the suppression motion out of time.

{¶ 3} We conclude that the trial court did not abuse its discretion in permitting Adams to file his suppression motion. We also agree with the trial court's finding of a speedy-trial violation. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} On March 22, 2022, Adams received two first-degree misdemeanor citations for operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19. The charges stemmed from a traffic stop, his performance on field-sobriety tests, and the results of a chemical test. After his arraignment, Adams sought discovery and obtained continuances of several pretrial conferences. Discovery disputes and delays also resulted in a continuance of a scheduled October 3, 2022 trial date.

{¶ 5} Adams later filed a November 30, 2022 suppression motion. He argued that video evidence demonstrated his satisfactory performance on the field-sobriety tests, meaning that police had lacked probable cause to arrest him or to administer a chemical test. On December 21, 2022, the State opposed the suppression motion, seeking to have it overruled based on untimeliness. The suppression issue proceeded to a January 10, 2023 hearing. The next entry in the trial court's docket was a June 6, 2024 decision overruling the motion. Based on the evidence presented, the trial court found that police had possessed probable cause to arrest Adams.

{¶ 6} Following the suppression ruling, Adams filed a July 10, 2024 motion for

discharge. Based on a 513-day delay between the suppression hearing and the trial court's ruling on his suppression motion, Adams primarily asserted a violation of his statutory right to a speedy trial. The trial court sustained the motion for discharge on July 23, 2024. After reciting the standards governing both statutory and constitutional speedy-trial issues, the trial court found no justification for the 513-day delay and dismissed the charges against Adams. The State timely appealed, advancing two assignments of error.

## II. Analysis

{¶ 7} The State's first assignment of error states:

THE COURT ERRED IN ALLOWING THE APPELLEE TO FILE HIS MOTION TO SUPPRESS GROSSLY OUT OF TIME.

{¶ 8} Citing Crim.R. 12, the State contends Adams was required to file his suppression motion within 35 days after arraignment or seven days before trial, whichever was earlier. Although that deadline may be extended in the interest of justice or overlooked for good cause, the State argues that Adams never requested additional time or showed good cause for filing his motion roughly eight months after arraignment. As a result, the State claims he waived his right to seek suppression. The State suggests that the trial court had "zero jurisdiction" to consider Adams' suppression motion.

{¶ 9} Upon review, we find the State's argument to be unpersuasive. Absent a suppression-hearing transcript, which the State has not provided, we do not know whether the trial court found good cause for Adams' late filing or found that the interest of justice warranted a time extension. Given that the trial court proceeded to hold a hearing on Adams' motion, it apparently exercised its discretion and permitted the filing. We note

too that during a hearing on Adams' motion for discharge alleging a speedy-trial violation, defense counsel represented that the trial court previously had given him time to conduct discovery and "collect all of what [he] needed before [filing] the motion to suppress." *See* July 18, 2023 Transcript of Hearing on Speedy-Trial Issue at p. 12. Under these circumstances, we see no abuse of discretion in the trial court's decision to hear Adams' suppression motion.

{¶ 10} In any event, we note too that the trial court's failure to overrule the motion as untimely did not prejudice the State. The trial court ultimately overruled the motion on the merits, finding that police possessed probable cause to arrest Adams. Therefore, we fail to see how the State was harmed by the trial court's failure to overrule the motion based on untimeliness assuming, purely arguendo, that the interest of justice or good cause did not justify the trial court's consideration of the motion.

{¶ 11} On appeal, the State seems to suggest that an untimely suppression motion is a nullity and that a trial court lacks jurisdiction to consider it. Where waiver exists, the State implies that the pendency of a suppression motion cannot cause a speedy-trial violation. We disagree. Under Crim.R. 12, the failure to file a timely suppression motion may result in waiver of the issue. The possibility of waiver, however, does not render a facially untimely motion a nullity or deprive a trial court of jurisdiction to act. In its discretion, a trial court may grant relief from waiver and decide an otherwise-untimely motion. *State v. Harrell*, 2024-Ohio-981, ¶ 62 (2d Dist.). It logically follows that waiver under Crim.R. 12 does not deprive a trial court of jurisdiction.

{¶ 12} In the present case, the trial court waited until 513 days after a suppression

hearing to overrule Adams' motion. The lengthy delay created a viable speedy-trial issue that we will address below. But the trial court's eventual overruling of the motion on the merits rendered moot whether the motion also could have been overruled based on waiver. For each of the foregoing reasons, the State's first assignment of error is overruled.

{¶ 13} The State's second assignment of error states:

THE COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO DISCHARGE.

{¶ 14} The State contends the trial court erred in dismissing the charges against Adams based on a speedy-trial violation. The State analyzes the issue solely by applying the four-factor balancing test from *Barker v. Wingo,* 407 U.S. 514 (1972), to determine whether a defendant's constitutional right to a speedy trial has been violated. The four factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. Applying those factors here, the State contends no constitutional speedy-trial violation occurred.

{¶ 15} We note, however, that Adams' motion for discharge primarily alleged a violation of his statutory right to a speedy trial. Ohio's speedy-trial statute, R.C. 2945.71, et seq., "was implemented to incorporate the constitutional protection of the right to a speedy trial." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996). The statute represents " 'a rational effort to implement the constitutional right to a speedy trial and will be strictly enforced.' " *State v. McClain*, 2015-Ohio-3691, ¶ 11 (2d Dist.), quoting *State v. Pachay,* 64 Ohio St.2d 218 (1980).

{¶ 16} Under R.C. 2945.71(B)(2), a defendant charged with a first-degree misdemeanor must be tried within 90 days of arrest. "A defendant can establish a prima facie case for a speedy-trial violation by demonstrating that the trial was held past the time limit set by statute[.]" *State v. Kendall*, 2025-Ohio-10, ¶ 11 (2d Dist.). The burden then shifts to the State to show that some event tolled speedy-trial time. *Id.* Absent such a showing, the defendant must be discharged. *Id.*

{¶ 17} "The time within which a defendant must be brought to trial may be extended only for reasons specifically enumerated in R.C. 2945.72." *Id.* at ¶ 12. Those reasons include "[a]ny period of delay necessitated by reason of a . . . motion . . . made or instituted by the accused[.]" R.C. 2945.72(E). The issue before us is whether Adams' suppression motion tolled speedy-trial time during the 513 days between the hearing on his motion and the trial court's disposition of it. Although the record contains other continuances and tolling events, statutory speedy-trial time unquestionably expired if it ran during any significant portion of the 513 days at issue.

{¶ 18} While a defendant's motion generally tolls the speedy-trial clock, a delay must be "necessitated" by the motion for tolling to apply. *Kendall* at ¶ 21. This means a trial court must resolve a defendant's motion within a reasonable time. Otherwise, tolling ceases. *Id.* As this court recently recognized in *Kendall*:

> A trial court does not have "unbridled discretion concerning the amount of time it takes to rule on a defense motion." *State v. Martin*, 56 Ohio St.2d 289, 297, 384 N.E.2d 239 (1978); *State v. Wood*, 2024-Ohio-5597, ¶ 41 (2d Dist.). "A strict adherence to the spirit of the speedy trial

statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." *Id*. The amount of time taken to render a decision on a defendant's motion must be reasonable considering the facts and circumstances of the case. *Accord State v. Boyd*, 2023-Ohio-2079, 218 N.E.3d 998, ¶ 21 (2d Dist.) (addressing timeliness of trial court's decision on a motion to suppress). "The complexity of the facts and the difficulty of the legal issues, in addition to the constraints of a trial judge's docket, must be considered." *Id*.

*Id*. at ¶ 19.

{¶ 19} Allowing a defendant's motion to toll speedy-trial time without limit would undermine the policy behind the speedy-trial statute. *State v. Owens*, 1992 WL 142681, *2 (2d Dist. June 26, 1992). "Therefore, to find that a plea, motion, or other proceeding instituted by the defendant has created an extension of his speedy trial date, the court must find that a period of delay resulted and that the delay was necessary." *Id*. "The 'necessity' element permits an extension only for the duration of a period reasonably required to adjudicate the defendant's plea, motion, or other action. Any additional delay before adjudication, though it occurred, is not chargeable to the defendant." *Id*.

{¶ 20} Here nothing suggests that a delay anywhere near 513 days was reasonable or necessary for the trial court to resolve Adams' suppression motion after the hearing. The three-page motion alleged that police had arrested him without probable cause because field-sobriety tests did not show impairment. Although we do not have a transcript of the suppression hearing, the trial court's four-page entry overruling Adams' motion states that three witnesses testified at the hearing. Those witnesses—two police

officers and a detective—testified about their observations of Adams during a traffic stop and his performance on field-sobriety tests. Based on that testimony, the trial court found probable cause for Adams' arrest and overruled his suppression motion.

**{¶ 21}** Adams' motion raised a routine suppression issue. We see no legal or factual complexity. The record also does not suggest that the trial court's docket necessitated a lengthy delay. In its order and entry sustaining Adams' motion for discharge, the trial court did not even attempt to justify the delay. To the contrary, it explicitly found that there was "no just reason for the delay." We agree. We see no conceivable justification for a delay anywhere near the 513 days at issue. *Compare State v. Reppucci*, 2017-Ohio-1313, ¶ 14 (9th Dist.) ("The 535 days that are at issue here far exceeded the 90-day statutory time period within which Mr. Reppucci was to be brought to trial. Even taking into consideration that some portion of this time may have been reasonable, Mr. Reppucci's speedy trial rights were clearly violated under the facts of this case."); *State v. Mullins*, 2003-Ohio-477, ¶ 12 (3d Dist.) ("A total of 832 days elapsed between appellant's arraignment and the filing of his motion to dismiss. Of those days, 635 were apparently devoted to ruling on appellant's suppression motion. The trial court failed to journalize an explanation for the delay. Accordingly, we find that the trial court's delay in considering appellant's motion violated his right to a speedy trial."); *see also State v. Morgan*, 2017-Ohio-9142, ¶ 49-50 (5th Dist.) (finding that a delay of 168 days to decide the defendant's suppression motion was unreasonable given the lack of legal or factual complexity).

**{¶ 22}** For the reasons set forth above, the trial court did not err in dismissing the

charges against Adams. The second assignment of error is overruled.

## III. Conclusion

{¶ 23} The judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.