[Cite as *State v. Reppucci*, 2017-Ohio-1313.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

LOUIS A. REPPUCCI

    Appellant

C.A. No.     16CA0047-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.     14 TRC 00609

DECISION AND JOURNAL ENTRY

Dated: April 10, 2017

CALLAHAN, Judge.

{¶1} Louis Reppucci appeals from his conviction in the Medina Municipal Court. This Court reverses.

I.

{¶2} In February 2014, Mr. Reppucci was charged with operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a). He was also charged with an OVI refusal to submit to a chemical test while having a previous OVI conviction within the past twenty years in violation of R.C. 4511.19(A)(2). Both charges were first-degree misdemeanors.

{¶3} On February 20, 2014, Mr. Reppucci filed a motion to suppress. The State requested a pretrial prior to an evidentiary hearing on the motion to suppress. The trial court denied the State's request noting: "The [m]otion to [s]uppress only raised two issues, reasonable suspicion for the initial detention and probable cause for the OVI arrest. The [c]ourt does not

need to conduct a pretrial for a motion containing such limited issues." On June 27, 2014, the trial court held a hearing on the motion to suppress. On December 14, 2015, the court issued its decision denying the motion to suppress.

{¶4} Thereafter, Mr. Reppucci moved to dismiss the case based on a violation of his speedy trial rights. More particularly, he argued that the motion to suppress remained pending for 535 days after the hearing on the motion. The trial court acknowledged that this time period "is lengthier than would be desired." Nonetheless, the trial court denied the motion to dismiss finding the delay was "not unreasonable under all the circumstances considering the nature of the issues raised in the motion and the voluminous caseload handled in this single-judge municipal court."

{¶5} The case proceeded to a jury trial in February 2016. The jury found Mr. Reppucci not guilty of the R.C. 4511.19(A)(1)(a) charge and guilty of the R.C. 4511.19(A)(2) charge. In June 2016, the trial court sentenced Mr. Reppucci.

{¶6} Mr. Reppucci appeals raising one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS AND UNREASONABLE DELAY.

{¶7} In his sole assignment of error, Mr. Reppucci argues that the trial court's unreasonable delay in ruling on his motion to suppress violated his speedy trial rights. This Court agrees.

{¶8} R.C. 2945.71 to 2945.73 impose a mandatory duty on the prosecution and the trial court to bring a defendant to trial in a timely fashion. *See State v. Martin*, 56 Ohio St.2d 289,

297 (1978). For a first-degree misdemeanor, a defendant shall be brought to trial within 90 days of the person's arrest or the service of summons. R.C. 2945.71(B)(2). This time period may be extended by any period of delay necessitated by a defendant's motion. R.C. 2945.72(E). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B).

{¶9} A defense motion tolls speedy-trial time for a reasonable period to allow the State to respond and the court to rule on the motion. *See State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, paragraph two of the syllabus. "This does not imply * * * that a trial court has unbridled discretion in taking time to rule on a defense motion." *Id.* at ¶ 27. Rather, a trial judge is required to rule on motions "'in as expeditious a manner as possible.'" *Id.*, quoting *Martin* at 297. In determining whether a trial court disposed of a motion within a reasonable time, this Court considers the complexity of the facts, the difficulty of the legal issues, and the demands on the time and schedule of the trial court judge. *State v. Kolvek*, 9th Dist. Summit No. 21808, 2004-Ohio-2515, ¶ 8; *Accord State v. Miles*, 9th Dist. Medina No. 12CA0102-M, 2013-Ohio-4272, ¶ 8.

{¶10} In the present case, Mr. Reppucci filed his motion to suppress on February 20, 2014. The trial court heard the motion to suppress on June 27, 2014. The trial court issued its decision denying the motion to suppress on December 14, 2015. From the time of the hearing until the trial court's decision on the motion, 535 days elapsed. Mr. Reppucci moved to dismiss based on this delay.

{¶11} By the trial court's own assessment, Mr. Reppucci's motion was not complex either factually or legally. Prior to the hearing, the trial court noted that it was faced with only

two limited issues. In its decision denying the motion to suppress, the trial court reiterated those two issues were reasonable suspicion for detaining Mr. Reppucci and probable cause for his arrest.

{¶12} The entry denying the motion to dismiss refers vaguely to "the nature of the issues raised in the motion [to suppress,]" but it does not specifically discuss those issues. Rather, the focus of the denial was the size of the trial court's docket. While this Court is not unsympathetic to the time demands on trial court judges, this factor alone does not justify a delay of over 17 months in ruling on a simple suppression motion.

{¶13} This case is distinguishable from *State v. Krzemieniewski*, 9th Dist. Medina No. 15CA0015-M, 2016-Ohio-4991. In *Krzemieniewski,* this Court affirmed the denial of a motion to dismiss based on a delay in ruling on a motion to suppress in this same "'one-judge court.'" *Id*. at ¶ 6, 25. The time from the hearing until the decision in *Krzemieniewski* was approximately 10 months. *Id.* at ¶ 5. More importantly, Mr. Krzemieniewski waived his right to a speedy trial on multiple occasions. *Id.* at ¶ 25. In the present case, Mr. Reppucci never waived his speedy trial rights.

{¶14} Because the trial court unreasonably delayed in ruling on Mr. Reppucci's motion to suppress, that time period did not toll Mr. Reppucci's speedy trial clock. *See Kolvek,* 2004-Ohio-2515, at ¶ 7. Mr. Reppucci's argument focuses on this 535-day period. This Court finds it unnecessary to calculate the time periods prior to the hearing on the motion to suppress or after the ruling on that motion although those periods are part of the speedy trial time. The 535 days that are at issue here far exceeded the 90-day statutory time period within which Mr. Reppucci was to be brought to trial. Even taking into consideration that some portion of this time may have been reasonable, Mr. Reppucci's speedy trial rights were clearly violated under the facts of

this case.  Consequently, Mr. Reppucci was entitled to be discharged upon the filing of his motion to dismiss.  *See* R.C. 2945.73(B).

{¶15}  Mr. Reppucci's assignment of error is sustained.

III.

{¶16}  Mr. Reppucci's assignment of error is sustained.  The judgment of the Medina Municipal Court is reversed and this matter remanded to the trial court with instructions to discharge Mr. Reppucci.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

MARK D. MCGRAW, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.