[Cite as *State v. Wood*, 2024-Ohio-5597.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-36 |
| | : | |
| v. | : | Trial Court Case No. 21 TRD 06293 |
| | : | |
| MICHAEL WOOD | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 27, 2024

. . . . . . . . . . .

JOHN A. FISCHER, Attorney for Appellant

ERIN J. McENANEY, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} This matter is before the court on the reopened direct appeal of Defendant-Appellant Michael Wood, who was convicted in the Clark County Municipal Court of driving under a suspension imposed for operating a vehicle while under the influence

(OVI).   For the following reasons, we vacate Wood's conviction.

## I.   Procedural History

{¶ 2} As a result of a traffic stop that occurred on April 26, 2021, Wood was issued a traffic citation for various misdemeanor offenses, including one count of driving under an OVI suspension in violation of R.C. 4510.14(A).   Wood had an initial appearance and was arraigned for that citation in Clark M.C. No. 21 TRD 3894 on April 29, 2021.   On June 2, 2021, the State voluntarily dismissed the case without prejudice.

{¶ 3} A new traffic citation was issued and served on Wood on June 21, 2021, based on the same set of facts and circumstances as the April 26, 2021 traffic citation. Wood was charged with one count of driving under an OVI suspension in violation of R.C. 4510.14(A); one count of driving without a valid operator's license with a prior conviction in violation of R.C. 4510.12; one count of driving under a financial responsibility law suspension in violation of R.C. 4510.16; one count of driving under suspension in violation of R.C. 4510.111; and one count of failure to reinstate a license in violation of R.C. 4510.21.   The charge of driving under an OVI suspension was a misdemeanor of the first degree.   These charges proceeded in Clark M.C. No. 21 TRD 6293.

{¶ 4} Wood was arraigned in Case No. 21 TRD 6293 on June 25, 2021.   At that time, Wood was not represented by counsel.   The trial court entered a not guilty plea on his behalf and scheduled the case for a pretrial conference.   No discussion was held on the record regarding Wood's right to a speedy trial, his right to counsel, or his right to demand a jury trial due to being charged with a first-degree misdemeanor.

{¶ 5} Wood signed a document indicating that he waived his right to a speedy trial

to discuss the matter with the prosecuting attorney at a pretrial and that the waiver tolled the time within which he must be brought to trial "from this date until the date of the pretrial." The document also included a notice stating that his case would be heard by the magistrate and that Wood consented to the same. Wood signed the document and wrote "ALL RIGHTS RESERVED." Wood signed a financial disclosure form stating he was indigent, and a box was checked on a separate pretrial form indicating Wood requested an evaluation for court-appointed counsel.

{¶ 6} On June 29, 2021, appointed counsel for Wood filed a notice of appearance, a plea of not guilty, and demands for a jury trial, a pretrial, a speedy trial, discovery, a bill of particulars, and a notice of intention to use evidence. A pretrial was held on July 14, 2021, at which Wood rejected a plea offer. Wood filed a motion to suppress on July 20, 2021, and a hearing on the motion was scheduled for August 18, 2021.

{¶ 7} Two days before the scheduled hearing, defense counsel filed a motion to withdraw as counsel because (1) Wood had hired private counsel in an unrelated felony case, and therefore he no longer met the requirements of indigency to be represented by the Public Defender's Office and, (2) "Defendant and counsel have differing opinions on how [Wood's] case should be tried in court." That same day, defense counsel filed a motion to continue the suppression hearing due to counsel's withdrawal. The magistrate granted both counsel's request to withdraw and the motion to continue the suppression hearing, which was rescheduled for September 8, 2021. The record does not reflect that a hearing was held on September 8, 2021, or that any new counsel was appointed to represent Wood. On September 13, 2021, a notice was filed setting a trial date for

November 3, 2021, before the magistrate.

{¶ 8} On October 18, 2021, Wood filed a pro se motion seeking dismissal of his case for various reasons, including that his statutory and constitutional speedy trial rights had been violated. The State did not file a response and no hearing was held. On October 20, 2021, the magistrate summarily denied Wood's motion to dismiss.

{¶ 9} On November 3, 2021, because a jury demand had been filed and the matter had not been resolved at a pretrial, the magistrate ordered that the case be reassigned to a judge. On November 5, 2021, the trial court scheduled a final pretrial conference for December 7, 2021, and a jury trial to commence on December 8, 2021.

{¶ 10} There is no record as to any proceedings that occurred on December 7, 2021. However, on December 8, 2021, Wood appeared for trial, stated that he had never waived his right to counsel, and he indicated that no counsel had been assigned to him following his counsel's withdrawal even though he was indigent. The trial court concluded that Wood had not waived his right to counsel, and the trial court continued the trial in order to appoint counsel to represent Wood. Notably, Wood also brought up that his motion to suppress had not been resolved, and he again asserted a violation of his right to a speedy trial, which the trial court rejected without conducting any analysis.

{¶ 11} On December 13, 2021, the court scheduled a hearing on Wood's motion to suppress for January 14, 2022. Although the record contains neither an order appointing new counsel nor a notice of appearance of counsel, on January 12, 2022, appointed counsel for Wood filed a motion to disqualify the prosecutor and requested that the court appoint a special prosecutor. On January 13, 2022, the State filed a response

to Wood's motion to disqualify and also filed a motion to convert the January 14, 2022 motion to suppress hearing into a hearing on the motion to disqualify. The trial court granted the State's motion to convert the hearing.

{¶ 12} At the January 14, 2022 hearing, both parties made statements to the court, and the court instructed the parties to provide additional information before it would rule on the motion to disqualify. The trial court continued the hearing to February 4, 2022. Both parties requested a continuance of the February 4, 2022 hearing due to a snow emergency, and the trial court rescheduled the hearing for March 24, 2022.

{¶ 13} Prior to the hearing, the trial court overruled Wood's motion to disqualify the prosecutor and his request for a special prosecutor. The trial court scheduled a hearing on Wood's motion to suppress and motion to dismiss for March 18, 2022. The trial court also scheduled a jury trial for April 6, 2022.

{¶ 14} A hearing on the motion to suppress and motion to dismiss was held on March 18, 2022. The State did not present any evidence or make any argument with respect to Wood's motion to dismiss based on a violation of his right to a speedy trial. On March 25, 2022, the trial court overruled Wood's motion to suppress in its entirety and denied his motion to dismiss.

{¶ 15} The trial court stated the following regarding Wood's motion to dismiss:

The Court has examined other issues raised in the Defendant's Motion to Dismiss. There is no factual basis in the record to support some of his claims. The Court finds nothing in the law which would result in a dismissal of the charges against the Defendant at this stage of the proceedings.

Entry (March 25, 2022), p. 4.

{¶ 16} On April 6, 2022, a jury trial was held.  Wood was found guilty of driving under an OVI suspension, a misdemeanor of the first-degree.  The other offenses had been dismissed by the State.  The trial court sentenced Wood to 170 days in jail, ordered him to successfully complete a remedial driving course as a condition for the return of full driving privileges after the suspension period, and ordered him to pay a $500 fine and court costs.  The trial court also imposed a class-seven license suspension for one year.

{¶ 17} Wood timely appealed and raised two assignments of error, both of which challenged the trial court's decision overruling his motion to suppress.  *State v. Wood*, 2023-Ohio-2973, ¶ 12 (2d Dist.).  On August 25, 2023, this Court affirmed the judgment of the trial court.  *Id.* at ¶ 29.

{¶ 18} Wood filed a timely pro se application to reopen his appeal pursuant to App.R. 26(B).  He argued that his appellate counsel's inadequate performance had compromised his direct appeal.  He then raised four assignments of error that were not considered due to his appellate counsel's alleged ineffectiveness.  Wood first claimed that his trial counsel had provided ineffective assistance in failing to investigate and prepare him for trial.  Wood next argued that the trial court had erred in denying his motion to dismiss for a speedy trial violation.  In his third proposed assignment of error, Wood argued that he should not have been convicted for driving under an OVI suspension because his license had been expired, not suspended.  Finally, Wood alleged that the trial court had erred in overruling his motion to suppress because the decision was based on inadmissible hearsay.  We concluded that Wood failed to establish that there was a

genuine issue as to whether his appellate counsel was constitutionally deficient resulting in prejudice to Wood as to three of the four proposed assignments of error. However, we concluded that Wood had established a colorable claim of ineffective assistance of appellate counsel for failing to raise an assignment of error relating to the trial court's denial of Wood's motion to dismiss on speedy trial grounds. Accordingly, we granted his application to reopen but limited it to that issue only. Order (Mar. 4, 2024). We further ordered that the parties address in their briefs the claim that representation by prior appellate counsel had been deficient and whether Wood had been prejudiced by that deficiency as required by App.R. 26(B)(7).

{¶ 19} Wood now raises one assignment of error alleging that appellate counsel provided ineffective assistance of counsel due to counsel's failure to raise on appeal the violation of Wood's statutory and constitutional right to a speedy trial.

## II. Ineffective Assistance of Counsel

{¶ 20} "Claims of ineffective assistance of appellate counsel under App.R. 26(B) are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668, . . . (1984)." *State v. Leyh*, 2022-Ohio-292, ¶ 17. In order to demonstrate ineffective assistance of counsel, the appellant must show that his "appellate counsel's performance was objectively unreasonable," and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ¶ 18, quoting *Strickland* at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. Accordingly, Wood must demonstrate that his appellate counsel's performance was

constitutionally deficient and that the deficient performance prejudicially affected him. App.R. 26(B)(5); *Strickland* at 687.

{¶ 21} In order to determine if appellate counsel was deficient and if such deficiency prejudicially affected Wood, we must consider whether Wood's speedy trial rights were violated. Wood argues that the trial court erred in overruling his motion to dismiss because both his statutory and constitutional speedy trial rights were violated. We will first consider his statutory right to a speedy trial.

### a. Statutory Speedy Trial Rights

{¶ 22} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Ohio's speedy trial statute, R.C. 2945.71, was implemented to incorporate the constitutional protection of the right to a speedy trial. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996). If the trial of a defendant who is charged with a misdemeanor is not held within the time specified in R.C. 2945.71 and 2945.72, a court must discharge the defendant upon motion made at or before the start of trial. R.C. 2945.73(B)(1). The speedy trial statutes must be strictly construed against the State. *Brecksville* at 55.

{¶ 23} The various misdemeanor charges against Wood arose from the issuance of a traffic ticket on April 26, 2021. When multiple charges are pending that arise from the same act or transaction, the speedy-trial time applicable to the highest degree of offense charged governs each of the pending charges. R.C. 2945.71(D). The highest charge brought against Wood was a misdemeanor of the first degree, meaning that the State had 90 days in which to bring him to trial following his service of summons. R.C.

2945.71(B)(2). Because there is no indication that Wood was ever held in jail during the pendency of any of the charges, his speedy trial time is calculated one-for-one. *See* R.C. 2945.71(E) (for purposes of computing speedy trial time, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days).

{¶ 24} "A defendant establishes a prima facie speedy trial violation when his motion reveals that a trial did not occur within the time period prescribed by R.C. 2945.71." *State v. Hill*, 2020-Ohio-2958, ¶ 6 (2d Dist.), citing *State v. Butcher*, 27 Ohio St.3d 28, 31 (1986). "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged. R.C. 2945.73." (Citation omitted.) *State v. Gray*, 2007-Ohio-4549, ¶ 15 (2d Dist.).

{¶ 25} The time within which a defendant must be brought to trial may be extended only for the reasons specifically enumerated in R.C. 2945.72. *State v. Brewer*, 2008-Ohio-2715, ¶ 37 (2d Dist.), citing *State v. Palmer*, 84 Ohio St.3d 103 (1998). Those reasons include any period of delay necessitated by a motion, proceeding, or action made by the defendant and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72 (E), (H). Time can also be tolled during "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law." R.C. 2945.72(C). "Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side

and determine whether the case was tried within applicable time limits." *State v. Sanchez*, 2006-Ohio-4478, ¶ 8. "Speedy-trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints 'shall be discharged,' and further criminal proceedings based on the same conduct are barred." *Id.* at ¶ 7, quoting R.C. 2945.72(D).

{¶ 26} "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." (Citation omitted.) *State v. Long*, 2020-Ohio-5363, ¶ 15. In this case, all of Wood's requests for dismissal based on speedy trial violations were summarily denied. Accordingly, there are no factual findings to which we must defer.

{¶ 27} Ohio Traf.R. 3(A) provides that the Ohio Uniform Traffic Ticket shall serve as both the complaint and summons in traffic cases. Speedy trial time starts the day after a defendant is served with a summons. *City of Oakwood v. Lammers*, 2021-Ohio-1518, ¶ 37 (2d Dist.). Accordingly, Wood's speedy trial time began to run on April 27, 2021, the day after he was served with the initial citation. Wood was not brought to trial until April 6, 2022, almost a year later. Wood has established a prima facie speedy trial violation and the burden shifts to the State to establish that exceptions applied that tolled an amount of time such that Wood was tried within the requisite 90-day period.

{¶ 28} Although the record does not reflect what occurred in Clark M.C. No. 21 TRD 3894, the State contends that an initial appearance and arraignment for that citation occurred on April 29, 2021. At that time, Wood filed a request for a pretrial and waived

time from the arraignment until the pretrial, which occurred on June 2, 2021. The State voluntarily dismissed the case without prejudice at the pretrial conference. The State contends that the period from April 29 to June 2 was tolled due to Wood's request for a pretrial and his limited time waiver tolling speedy trial time until the date of the pretrial conference. Wood, on the other hand, alleges that all of that time should count against the State because requests for pretrial conferences do not automatically toll time.

{¶ 29} The speedy-trial issue raised by Wood requires this court not only to consider the record of the case in which the judgment on appeal was filed, i.e., Case No. 21 TRD 6293, but also the record of Case No. 21 TRD 3894, i.e., the dismissed case in which Wood was originally charged for the conduct in question. However, the record of Case No. 21 TRD 3894 is not before this court. Although the State submitted documents from that case as an attachment to its brief, "[a] reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal based on the new matter." *McAuley v. Smith*, 82 Ohio St.3d 393, 396 (1998), citing *State ex rel. Brantley v. Ghee*, 80 Ohio St.3d 287, 288 (1997). Accordingly, we will not consider those documents. However, we can take judicial notice that the publicly accessible online docket of the Clark County Municipal Court reflects that, in Case No. 21 TRD 3894, Wood was arraigned on April 29, 2021, a request for a pretrial and a limited time waiver were made, and the State dismissed the case on June 2, 2021. *See State v. Sweeney*, 2024-Ohio-3425, ¶ 16 (2d Dist.).

{¶ 30} Wood is correct that requests for pretrial conferences do not automatically extend the statutory time requirements in R.C. 2945.71. *State v. Cruea*, 2005-Ohio-

4731, ¶ 10 (2d Dist.). Rather, "the time between a request and pretrial conference will be tolled where the record shows that the pretrial was granted at the defendant's own request and there is nothing facially unreasonable about the time taken to provide the pretrial." *Id.* We need not determine whether the time was tolled for that 35-day time frame however, because we conclude that even if that time were tolled, the State failed to bring Wood to trial within the applicable statutory time. At a minimum, however, two days of speedy trial time from April 27, 2021, through April 28, 2021, must be counted against the State.

{¶ 31} Case No. 21 TRD 3894 was dismissed without prejudice on June 2, 2021, and Wood was served with a new traffic citation on June 21, 2021, based on the same set of facts and circumstances as the April 26, 2021 citation. Both parties agree that the time between the date of the dismissal without prejudice and the service of the subsequent citation did not count against the State. We agree the speedy trial time did not run during that time period, and there was no evidence that Wood was held in jail or released on bail following the dismissal. *See State v. Dillon*, 2009-Ohio-530, ¶ 13 (2d Dist.). Accordingly, between June 2, 2021, and June 21, 2021, the speedy trial clock did not run against the State. However, because the subsequent charges arose from the same conduct and circumstances as the prior charges, and the State knew of the facts supporting both sets of charges, the statutory speedy trial time applicable to the earlier charges applied to the later charges. *State v. Adams*, 43 Ohio St.3d 67, 68 (1989). Thus, as of June 22, 2021, the State had 88 days of speedy trial time remaining. Absent any tolling events, Wood's speedy trial time would have expired on September 17, 2021.

{¶ 32} On June 25, 2021, Wood made his initial appearance and was arraigned on the charges. Notably, Wood was charged with driving under an OVI suspension, a misdemeanor of the first degree. R.C. 2929.24(A)(1) provides that a sentencing court may impose a jail term of not more than 180 days for a first-degree misdemeanor. Because imprisonment was a possible penalty in this case, Wood was entitled to a jury trial. R.C. 2945.17(B)(2). The following is the entirety of the transcript from the June 25, 2021 arraignment:

THE COURT: Michael Wood.

MR. WOOD: Good afternoon, Your Honor.

THE COURT: Good afternoon, sir.

MR. WOOD: I'm Michael Wood, all rights reserved. Appearing by (inaudible) today. May it please the Court, I'm here by way of threat of violence and coercion and my position is that this is a violated [sic] of my 4th Amendment Right pursuant to Schneckloth v. Bustamonte 412 US 218 (1973).

Additionally, Your Honor, in the interest of justice and to conserve judicial resources, I request that this case of these charges, these fraudulent and successive charges be dismissed with prejudice for failure to prosecute a cause of action for which relief can be granted.

THE COURT: Okay. Your motion to dismiss is denied. You are here for an arraignment today and that's just to enter a plea. The charge in your case is driving under OVI suspension as a 1st degree misdemeanor. No

operating license also is a 1st degree misdemeanor, and charges of driving under a license forfeiture suspension, driving under noncompliant suspension, and failure to reinstate license. All is [sic] unclassified misdemeanors. How do you want to plea?

MR. WOOD: Your Honor, with all due respect, sir. I cannot in good faith or good conscious [sic] make a plea to these fraudulent successive charges.

THE COURT: All right. The Court is going to enter a [sic] not guilty pleas on your behalf then. Your case will be reassigned for pretrial conference.

June 25, 2021 Tr. 2.

**{¶ 33}** That same day, Wood signed a document that stated the following:

After being advised of my right to have a speedy trial pursuant to O.R.C. Section 2945.71, I knowingly and voluntarily waive that right; for the specific purpose that I might discuss this matter with the prosecuting attorney at a pretrial conference.

I understand that this tolls (extends) the time within which I must be brought to trial, from this date until the date of the pretrial.

I understand that my case will be heard by the MAGISTRATE of this court and give my consent for same.

Request for Pretrial and Waiver of Time Consent to Have Case Heard by Magistrate (June 25, 2021). Wood signed the document with the statement "ALL RIGHTS RESERVED." Wood completed a financial disclosure form, and the trial court scheduled a pretrial for July 14, 2021.

{¶ 34} The State concedes that speedy trial time is chargeable to the State from June 22, 2021, through June 24, 2021. However, the State contends that as of June 25, 2021, time was tolled due to Wood's request for a pretrial and his signed limited time waiver. It is debatable whether this time was in fact tolled based on the State's contention that Wood requested a pretrial. The time between a request for a pretrial and the pretrial conference will be tolled only where the record shows that the pretrial was granted *at the defendant's own request* and there is nothing facially unreasonable about the time taken to provide the pretrial. The transcript reflects that Wood did not request a pretrial. Rather, the magistrate automatically set the case for a pretrial. Although Wood signed the standard form document titled "Request for Pretrial and Waiver of Time Consent to Have Case Heard by Magistrate," Wood signed it "ALL RIGHTS RESERVED," and later informed the trial court that he had signed it under duress.

{¶ 35} The brevity of the hearing and the magistrate's failure to inform Wood of his rights weighs against a finding that time was tolled simply due to Wood's "request" for a pretrial. The magistrate failed to inform Wood of his right to counsel and the right to a reasonable continuance to obtain counsel, that any statements made could be used against him, and that Wood must make a jury demand to exercise his right to a jury trial. *See* Crim.R. 5 and 10. Wood was not represented by counsel and no waiver of counsel was done. Although Wood completed a financial disclosure form, Wood was not asked about counsel or his ability to obtain counsel during the hearing. Crim.R. 44(C) provides that "[t]he determination of whether a defendant is able or unable to obtain counsel *shall be made in a recorded proceeding in open court*." (Emphasis added.) It is also

concerning that the request for a pretrial, acknowledgement of a limited time waiver, and the consent for Wood's case to be heard by a magistrate were all made in a single document that Wood was given to sign, yet the trial court did not review any of those matters with Wood on the record, in open court. We cannot presume that counsel advised him about what he was signing because he was without counsel at that time.

{¶ 36} Nevertheless, we need not determine whether Wood's limited time waiver tolled time from the date of the arraignment until the date of the pretrial because it was tolled for other reasons. Wood requested court-appointed counsel on June 25, 2021, which constituted a tolling event. R.C. 2945.72(C) provides that any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law, constitutes a tolling event. On June 29, 2021, Wood's appointed counsel filed a notice of appearance, plea of not guilty, and demands for a jury trial, a pretrial, a speedy trial, discovery, a bill of particulars, and a notice of intention to use evidence. Accordingly, the brief delay occasioned by Wood's request for counsel tolled the time from June 25, 2021, through June 28, 2021, pursuant to R.C. 2945.72(C).

{¶ 37} Counsel's June 29, 2021 filing included a demand for discovery and a demand for a bill of particulars, each of which tolled time pursuant to R.C. 2945.72(E). *State v. Brown*, 2002-Ohio-7040, ¶ 26. "Such demands toll speedy-trial time for a reasonable period to allow the state an opportunity to respond." (Citations omitted.) *State v. Knott*, 2024-Ohio-2289, ¶ 22 (2d Dist.). Although courts have generally interpreted 30 days to constitute a reasonable period of time to respond to requests for

discovery or a bill of particulars, it is a case-by-case determination that depends on the totality of the circumstances. *State v. Belville*, 2022-Ohio-3879, ¶ 21; *State v. Smith*, 2017-Ohio-7864, ¶ 23 (4th Dist.). The record does not indicate when the State provided discovery; however, the State submits that discovery "was provided at some point prior to the July 14, 2021 Pretrial." Appellee's Brief, p. 5. The State never filed a bill of particulars and provided no argument for whether any time should be tolled as a result of Wood's demand. Furthermore, this was not a complicated case. Under these circumstances, we conclude that from June 29, 2021, until July 13, 2021, time was reasonably tolled based on Wood's request for discovery and a bill of particulars. As of July 14, 2021, the State had 85 days of speedy trial remaining.

{¶ 38} It is at this point that the parties' speedy trial calculations diverge greatly. Six more days of speedy trial time were used before Wood filed his motion to suppress on July 20, 2021. The State contends that once Wood filed his motion to suppress, time was tolled until September 8, 2021. A hearing on the motion to suppress was scheduled for August 18, 2021. Two days prior to the hearing, defense counsel filed a motion to withdraw indicating that Wood had hired private counsel in an unrelated felony case and, therefore, no longer met the requirements of indigency to be represented by the Public Defender's Office and, further, that "Defendant and counsel have differing opinions on how [Wood's] case should be tried in court." That same day, defense counsel filed a motion to continue the suppression hearing due to counsel's withdrawal. The magistrate granted both defense counsel's motion to withdraw and the motion to continue the hearing, which was rescheduled to September 8, 2021. We agree that the continuance

was reasonably requested on behalf of the defendant, which tolled time until September 8, 2021. R.C. 2945.72(E). Therefore, as of September 8, 2021, the State had 79 days of speedy trial remaining.

{¶ 39} The record does not reflect that any hearing was held on September 8, 2021, or that any new counsel was appointed to represent Wood. The State, however, alleges that the trial court overruled Wood's motion to suppress on September 8, 2021, which restarted the trial clock. The State then alleges that on October 18, 2021, Wood filed a motion to dismiss. According to the State, the time from September 8, 2021, through October 17, 2021, was chargeable to the State and amounted to an additional 40 days of speedy trial time. The State argues that Wood's motion to dismiss tolled time from the date it was filed, October 18, 2021, until the trial court ruled on it on March 25, 2022. Although the State points to other tolling events that occurred from December 8, 2021, forward, the State provides no explanation to justify the delay between October 20, 2021, the date the magistrate overruled Wood's motion to dismiss, and December 8, 2021.

{¶ 40} Wood, on the other hand, argues that although the motion to suppress and motion to dismiss tolled time when they were filed, not all of the time should be tolled until March 25, 2022, because a majority of the time was an unreasonable delay attributable to the trial court, not Wood. According to Wood, because not all of the elapsed time was reasonable or necessary before the trial court ruled on Wood's motions, the entirety of the time should not be attributable to him. We agree with Wood.

{¶ 41} An analysis of the time period between September 8, 2021, and December

8, 2021, is critical to determine whether Wood's speedy trial rights were violated. A motion to suppress tolls the speedy trial statute. R.C. 2945.72(E). However, the Ohio Supreme Court has stated that a trial court does not have "unbridled discretion concerning the amount of time it takes to rule on a defense motion." *State v. Martin*, 56 Ohio St.2d 289, 297 (1978). "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." *Id.* "The amount of time taken to render a decision on a defendant's motion to suppress must be reasonable in light of all the circumstances." *State v. Boyd*, 2023-Ohio-2079, ¶ 21 (2d Dist.), citing *State v. Taylor*, 1995 WL 680052, *12 (2d Dist. Nov. 17, 1995). There is no bright line rule with respect to what constitutes a reasonable amount of time to render a decision on a motion to suppress. Rather, a reviewing court must carefully examine the record and consider the particular "facts and circumstances of each case." *Taylor*, at *12, quoting *State v. McDaniel*, 1995 WL 75394, *3 (4th Dist. Feb. 21, 1995). This includes consideration of the complexity of the facts, the difficulty of the legal issues, and the demands on the time and schedule of the trial court judge. *State v. Reppucci*, 2017-Ohio-1313, ¶ 9 (9th Dist.). Additionally, "the determination of reasonableness must be made on the existing record." *State v. Ramey*, 2012-Ohio-2904, ¶ 34.

{¶ 42} It is unclear from the record what, if anything, happened on September 8, 2021. We do know, however, that the magistrate never held a hearing on Wood's motion to suppress, never issued a written decision on Wood's motion, and never appointed Wood new counsel. There is also no evidence of a request for a continuance or any

journal entry explaining the reason for not going forward. The record seems to indicate that the motion to suppress was simply forgotten until the case was reassigned to the trial court judge and Wood reasserted his rights on December 8, 2021. Notably, the suppression issues were straightforward, the evidence was limited, and the trial court rendered a decision on the motion within seven days following the eventual hearing. This was not a situation in which the court held a hearing and needed additional time to render a decision. Rather, it appears the magistrate and trial court failed to do *anything* on Wood's motion to suppress between September 8, 2021, and December 8, 2021. "The rationale supporting [the speedy-trial statutes] was to prevent inexcusable delays caused by indolence within the judicial system." *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978). We cannot say that the court's failure to take any action on Wood's motion was reasonable in order to toll speedy trial time for the entirety of the pending motion and, therefore, it must be held against the State. Accordingly, between September 8, 2021, and October 18, 2021, when Wood filed his motion to dismiss, 40 days were charged to the State. As of October 18, 2021, the State had 39 days remaining to bring Wood to trial.

{¶ 43} On October 18, 2021, Wood filed a motion to dismiss. The motion reiterated some of the issues previously addressed in the motion to suppress and also included an allegation that his statutory and constitutional speedy trial rights had been violated. The State did not respond to Wood's motion and no hearing was held. The magistrate summarily overruled this motion on October 20, 2021. Nevertheless, the State contends that the filing of the motion to dismiss tolled time from when it was filed

on October 18, 2021, until the trial court ruled on it on March 25, 2022.

{¶ 44} Typically, the filing of a motion to dismiss tolls speedy trial from the time the motion is filed until the trial court rules upon it. *Sanchez*, 2006-Ohio-4478, at ¶ 26-28. However, this case is not typical.

{¶ 45} First, after a case has been properly referred to a magistrate, Crim.R. 19(C)(1)(f) provides that a magistrate may "hear and decide" any pretrial motion in a misdemeanor case for which imprisonment is a possibility "upon the unanimous consent of the parties in writing or on the record in open court." Assuming that the case was properly referred to a magistrate and assuming, for the sake of argument, that Wood consented to have his case decided by the magistrate, there is no evidence in the record that the State also consented, orally or in writing, to the magistrate's hearing Wood's motions in accordance with Crim.R. 19(C)(1)(f).

{¶ 46} Second, "[a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." Crim.R. 19(D)(2)(ii). The caption on the magistrate's October 20 decision overruling Wood's motion to dismiss did not indicate that the order was a magistrate's decision, and there is no evidence in the record that the magistrate's decision was served by the clerk on any of the parties. Additionally, a magistrate's decision "shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim.R. 19(D)(3)(a)(ii), unless the party timely

and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b)." There was no such notification on the magistrate's decision. The entirety of the magistrate's "order" stated as follows:

This matter came before this Court on the 20th day of October 2021 upon the Defendant's motion to dismiss filed October 18, 2021. This Court finds that the Defendant's motion is not well-taken and hereby denies same. The Trial previously scheduled for November 3, 2021 at 2:30 p.m. remains.

Order (Oct. 20, 2021).

{¶ 47} Third, Wood filed a pretrial motion to dismiss authorized by R.C. 2945.73(B) and Crim.R. 12(C). Pursuant to Crim.R. 12(F), a court "may adjudicate a motion based on briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." If factual issues are involved in determining the motion, the court "shall state its essential findings on the record." *Id.* "A hearing is not required by the rule, but where the claims in a motion to dismiss would justify relief and are supported by factual allegations, the court abuses its discretion when it grants or denies the motion without a hearing." *Dillon*, 2009-Ohio-530, at ¶ 17 (2d Dist.). *See also State v. Matthews*, 2009-Ohio-6694, ¶ 11 (2d Dist.) ("Where the Crim.[R.] 12(C) motion raises claims that would justify relief which are supported by factual allegations, an evidentiary hearing is necessary to the findings that Crim.R. 12(F) requires, and is also necessary to permit the appellate court to review any error assigned regarding the basis for any findings of fact the court makes."). Wood's October 18, 2021 motion to dismiss stated that he was initially charged on April 26, 2021, that he never waived his speed trial time, and he had

not been brought to trial within 90 days. Wood also stated that "the original action was dismissed by the prosecutor" and then was charged again on June 21, 2021. Wood's motion was filed 175 days after he was initially charged and 117 days after he was subsequently charged, which established a prima facie case of a speedy trial violation. Nevertheless, the magistrate did not provide the State an opportunity to respond to Wood's motion or conduct an evidentiary hearing before summarily overruling it.

{¶ 48} Finally, under Crim.R. 19(D)(2)(i), magistrates may only enter pretrial orders without judicial approval that are necessary to regulate the proceedings and that are not dispositive of a claim or defense of a party. An example of such an order is a temporary ruling on a motion to amend a complaint under Crim.R. 7 or a ruling on a discovery motion. *See* Staff Notes to Crim. R. 19(D) (July 1, 2006 Amendment). A ruling on a motion to suppress or a motion to dismiss is clearly dispositive, since it can potentially destroy the State's case, if it is granted. *Black's Law Dictionary* (12th Ed. 2024) (a "dispositive motion" is "a motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in a judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss"). As a result, a magistrate cannot enter an order on either a motion to suppress or a motion to dismiss without judicial approval. "Instead, if a case is first properly referred, the magistrate must file a decision, which is then subject to judicial approval." *State v. Weierman*, 2001 WL 1598048, * 2 (2d Dist. Dec. 14, 2001). A magistrate's decision is "not effective unless adopted by the court." Crim.R. 19(D)(4)(a).

{¶ 49} In this case, the magistrate's October 20 decision was never adopted by the

trial court and therefore never became effective. *Weierman* at \*2. Rather, the record reflects that the trial court was unaware of the magistrate's decision and had not considered it prior to the parties' appearing for a jury trial on December 8, 2021. On that date, the trial court stated "I know that you folks have been living with this case for a long time. I've been living with it for 24 hours." December 8, 2021 Tr. 6. The trial court also stated that it was not familiar with the history of the case because the court was "relatively new to the matter." *Id.* at 11. The trial court subsequently scheduled a hearing for the motion to suppress on January 14, 2022. At that hearing, the trial court indicated that after reviewing the file, it appeared that "there were previous Motions to Suppress filed by [prior defense counsel] in this case and also by the defendant. There was an Entry in the, in the file overruling a Motion to Suppress, but I wasn't clear as which Motion that was and upon the Court's review it did not appear that any hearings had been held on that Motion so, the defendant did mention the Motion to Suppress and I could, the Court considers those Motions both to be pending and both worthy of hearing." January 14, 2022 Tr. 2. The trial court then considered Wood's motion to suppress and motion to dismiss in the first instance, without adopting, modifying, or rejecting the magistrate's decision.

{¶ 50} In its March 25, 2022 decision, after the trial court made findings of facts and conclusions of law related to the motion to suppress, the trial court stated that it had "examined other issues raised in the Defendant's Motion to Dismiss. There is no factual basis in the record to support some of his claims. The Court finds nothing in the law which would result in a dismissal of the charges against the Defendant at this stage of the

proceedings." Entry (March 25, 2022), p. 4.

{¶ 51} While a motion to dismiss filed by the accused tolls the speedy trial time, such tolling is subject to a requirement of reasonableness based on the particular circumstances of the case. *State v. Arizzola*, 79 Ohio App.3d 72, 76 (3d Dist. 1992). *See also State v. Petersen*, 1989 WL27144, * 3 (6th Dist. Mar. 24, 1989) ("the extension of time to rule on a defendant's motion to dismiss is subject to a requirement of reasonableness."). While we agree with the State that some reasonable tolling events occurred between December 8, 2021, and March 25, 2022, there was no reasonable explanation for the delay between October 20, 2021, and December 8, 2021. The State did not file a response to Wood's motion to dismiss, there was no hearing held on the motion, the magistrate summarily denied the motion in a procedurally deficient decision, and the trial court judge appeared to be unaware that the motion had been filed until at least December 8, 2021. Although we acknowledge that Wood's case was set for trial on November 3, 2021, before a magistrate, prior to the expiration of his speedy trial time, there was no reason for it to have been scheduled for a trial in front of the magistrate, because a magistrate could not have presided over a jury trial. Because Wood had filed a demand for a jury trial, the setting of a trial in front of the magistrate, and then continuing the case out an additional 35 days to be heard by a jury, was not reasonable. Like Wood's motion to suppress, the motion to dismiss and the magistrate's decision were simply neglected by the trial court until Wood again raised the issues on December 8, 2021. Because the record does not contain facts showing that the 49-day delay from November 20, 2021, until December 8, 2021, was reasonable, we cannot say that the

State has met its burden of demonstrating that part or all of this time was chargeable against the defendant.

{¶ 52} Wood's jury trial was scheduled for December 8, 2021, 49 days after the magistrate's denial of Wood's motion to dismiss and 10 days beyond the 39 days that remained of the speedy trial time. "When a trial date is set beyond the time limits of R.C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 2945.72(H)." *State v. McRae*, 55 Ohio St.2d 149, 152 (1978). There is nothing in the record to demonstrate that the extension of Wood's jury trial date beyond his 90-day speedy trial time was attributable to him or reasonable under these circumstances.

{¶ 53} It appears that the trial court, beginning on December 8, 2021, tried to rectify the issues that occurred prior to the case being transferred to the judge. For example, the trial court appointed Wood counsel and scheduled a hearing on Wood's motion to suppress and motion to dismiss. As of December 8, 2021, however, Wood's speedy trial time had already expired, and the trial court made no factual findings that may have tolled Wood's speedy trial time. Under these particular circumstances, the trial court should have granted Wood's motion to dismiss based on a statutory speedy trial violation. Because the trial court should have dismissed Wood's case due to a speedy trial violation, Wood has demonstrated that his appellate counsel was ineffective for failing to raise this argument on appeal and that Wood suffered prejudice as a result.

{¶ 54} Wood's assignment of error is sustained.

### b. Constitutional Speedy Trial

**{¶ 55}** Because we conclude that Wood's statutory right to a speedy trial was violated, we need not consider whether his constitutional speedy trial rights were violated. *Knott*, 2024-Ohio-2289, at ¶ 54 (2d Dist.).

### III.    Conclusion

**{¶ 56}** We sustain Wood's assignment of error.   Because Wood's statutory right to a speedy trial was violated, the trial court should have granted his motion to dismiss. We vacate Wood's conviction.

. . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.